# Wunderly *v.* Leopold, Appellant.

*Sheriff's interpleader—Bond—Debtor's exemption—Waiver—Execution.*

1. Where an automobile is taken in execution, and the defendant claims his exemption of $300, and the automobile is appraised at $260, and set aside to him, and thereafter another party claims the automobile, and in interpleader proceedings files a bond and takes the machine, but unsuccessfully maintains the interpleader suit, the defendant in the execution may maintain an action upon the interpleader bond to recover the sum of $260, the appraised value of the automobile; and the parties to the interpleader bond are not relieved from liability to the execution defendant, because they paid to the execution plaintiff the fund represented by the automobile. In such a case the parties liable on the bond should have paid the money into court to be distributed according to law, instead of paying it to the plaintiff in the execution.

*Execution—Debtor's exemption—Waiver.*

A defendant in an execution who claims his exemption out of an automobile levied upon, will not be deemed to have waived his right, because of declarations made by him a year before the levy that his wife owned the machine, or because at the time of the appraisement his wife stated that the automobile belonged to her, but at the same time waived her right thereto.

Argued Dec. 3, 1912. Appeal, No. 58, Oct. T., 1912, by defendants, from order of C. P. Northampton Co., Dec. T., 1911, No. 10, making absolute rule for sufficient

answer in case of R. G. Wunderly v. D. M. Leopold, Trustee in Bankruptcy of the R. G. Wunderly Company, and A. E. Frantz. Before Rice, P. J., Henderson, Morrison, Head and Porter, JJ. Affirmed.

Assumpsit on an interpleader bond.

On a rule for judgment for want of a sufficient answer, Stewart, J., filed the following opinion:

This is an action upon a bond given in an interpleader proceeding. The Second National Bank of Nazareth, Pa., had issued an execution against R. G. Wunderly. In pursuance of the writ the sheriff levied on an automobile, Wunderly claimed his exemption. Subsequently Leopold, trustee, claimed that the automobile was the property of a corporation known as the R. G. Wunderly Company. Leopold gave his bond as provided by the interpleader act, and received possession of the automobile. On the trial of the suit between Leopold and the bank a verdict was entered in favor of the bank for $300, the agreed value of the automobile. Wunderly, as exemption claimant, thereupon took a rule on Leopold and the bank "to show cause why judgment should not be entered for R. G. Wunderly, exemption claimant, for $260." We discharged the rule in an opinion filed on November 13, 1911. After a careful reconsideration of what we there held, we are of opinion that no error was committed either in the entry of the judgment in the interpleader suit or in the discharge of the above rule. In the answers filed in the present suit, it is averred that Hannah E. Wunderly, wife of the present plaintiff, claimed certain goods and chattels. Whether it is intended to claim that the automobile in dispute is a subject of an interpleader, or whether section "d" is intended to be read in connection with section "m" is indefinite and uncertain. As an opportunity will be given for further answer, attention is called to the matter. It is further admitted that the defendant had notice that the balance of the exemption was to be paid out of the

proceeds of the automobile "if it should be decided that said automobile is the property of the defendant." There is then the further averment that it has not been determined that the property belonged to R. G. Wunderly and the further averment that as a matter of fact, the automobile did not belong to R. G. Wunderly. Then follows the averment "m" which is as follows: "That R. G. Wunderly has lost his right to his exemption by equivocation and denial of his ownership of said automobile in former proceedings and is now estopped from claiming his exemption out of the proceeds of said automobile." If this paragraph stood alone, we would be compelled to make this rule absolute. The foundation of the plaintiff's claim is the bond with its condition that the plaintiff "shall at all times maintain his title to said goods and chattels or pay the value thereof, to the party thereunto entitled." Claimant failed to maintain his title. He must pay the value to some one. The verdict in the prior case, establishes that it must be paid to the bank, subject, however, to the right of the defendant in the original judgment to an exemption unless he has waived that right. We will permit a more specific answer to be filed, setting out the matters which constitute the waiver. There is no defense in the allegation that the defendant herein has already paid the bank the amount of its judgment. The record shows a notice of claim for exemption. It was brought to Leopold's notice by the rule above referred to, and he makes it a part of his present answer. If he paid this claim, it is not a protection as against Wunderly unless he has waived his right to the exemption.

And now, February 12, 1912, leave is granted to the defendants to file a more specific answer within ten days from date. If filed present rule will be discharged. In default of filing rule will be made absolute. These orders to be made by the prothonotary.

On a second rule for judgment, STEWART, J., filed the following opinion:

This is a rule for judgment for want of a sufficient answer. The prior history of this matter is contained in an opinion filed in the case of Leopold, Trustee, v. Second National Bank of Nazareth, Pa., et al., reported in 13 Northampton County Repr. 121. That was "a rule on plaintiff and defendant to show cause why judgment should not be entered for R. G. Wunderly, exemption claimant, for $260." In that opinion we referred to the notice which the present defendants had of the present plaintiff's claim for exemption. We there said, "While it is true that the sheriff drops out of the case, yet it does not follow that if the claimant or his sureties on the bond pay the execution plaintiff, that such payment will relieve them, if the exemption is allowed. The second section of the act gives form of bond. It is conditioned to pay the value of the goods and chattels 'to the party thereunto entitled.' The record quoted above gives sheriff's return. The claimant and his sureties must take notice of this. We see no difficulty from that point of view." We supposed, of course, that the defendants would pay the judgment against them into court and then the present plaintiff's claim for his exemption could have been adjudicated in a proper manner by reference to a commissioner or by an issue if the facts would warrant it, as the practice is indicated in Dock v. Cauldwell, 19 Pa. Superior Ct. 51; Moore v. Dunn, 147 Pa. 359, and People's Savings Bank v. Mosier, 199 Pa. 375. Instead of doing that, the defendants paid the entire amount of the verdict to the execution plaintiff, and in the present suit their defense is that payment is a complete discharge to the present claim. The record in the interpleader suit showed that the present plaintiff was a party entitled to almost the whole value of the goods. It is still contended by the learned counsel for Wunderly that a nonsuit should have been entered in the interpleader case or that Wunderly's name should have been allowed to remain on the record as a defendant and a verdict taken in his favor for the amount of the exemption and for the bank for the balance. We are clear

that our action at the time of the trial, as indicated in the opinion above referred to, with respect to the verdict, was correct. It may be that if counsel had paid more attention upon the argument of the rule to change the verdict, to the matter which should have been pressed, which was how Wunderly should receive his $260 exemption out of the proceeds, rather than to the alleged errors and defects in the trial, we would have of our own motion, ordered the money paid into court under the authority of Penna. Knitting Mills v. Bibb Mfg. Co., 12 Pa. Superior Ct. 346, where it was held, "Under the feigned issue of May 26, 1897, P. L. 95, the court will so mold the verdict and judgment that when a recovery is had against a claimant who has taken the goods, a verdict and judgment may be entered against the claimant up to the value of the goods, but not exceeding the claim of the defendant for the amount of his execution and costs." See also Mann v. Salsberg, 71 Pa. Superior Ct. 280, and Lowry v. Letzelter, 45 Pa. Superior Ct. 143. The present defendants, disregarding the plain provisions of the act of assembly and the record in the case, paid all the money directly to the execution plaintiff. That payment was clearly unjustifiable, and was made at their own risk, like the payment in Kreider's Estate, 135 Pa. 578, and is not a bar to this suit. Suppose we had made an order to the effect that $260 of the judgment should have been marked to the use of the exemption claimant, which we might have done, would that order have been more of a notice to the defendants than the claim for exemption made by him and appraisement, without any effort on the part of the bank to set the appraisement aside, conveyed to them? Surely not. Suppose, therefore, they had, in defiance of that order, paid the bank, would the order giving the exemption creditor that which an act of assembly had previously given him, have placed the defendants in any worse position than they are now in? Again, the present plaintiff may have an action against the bank in the nature of money had and received, but he is not bound in the first

instance to sue the bank and exhaust his remedies against it. The bond is for the exemption claimant's protection, and where the record shows his rights as here, he can proceed on the bond at once. This matter will be further discussed later. Defendants further set up as a defense that the plaintiff's ownership of the automobile has not been determined, and secondly, his right to the exemption has not been determined. The verdict in the interpleader suit determines the first question in the present plaintiff's favor. The right to the exemption is given him by law, and the burden would be upon the defendants to show that he had waived that right. "Where the defendant in an execution claims the benefit of the debtor's exemption, the burden is always on the plaintiff to show that the exemption ought not to be allowed:" Pierce v. Boalick, 42 Pa. Superior Ct. 218. As appears from the sheriff's return in the execution, certain articles of personal property were appraised to the plaintiff. The balance was awarded to him out of this specific piece of personal property, the automobile. If the bank objected to the appraisement, it should have moved to set it aside: Seibert's Appeal, 73 Pa. 359; Pierce v. Boalick, 42 Pa. Superior Ct. 218. This appraisement still stands and it is a question whether it can be properly defeated at this late day, but the defendants have undertaken it by their claim that the plaintiff has waived his right by equivocation and estoppel by reason of certain matters, to wit, that on September 9, 1910, the plaintiff stated to a party mentioned that the automobile belonged to his wife; that on another day, September 30, 1910, in a bankruptcy proceeding of a company in which he was an officer, he again stated that it belonged to his wife. If these statements were true, they were made almost a year before the sheriff's levy in the present case, and were entirely irrelevant and immaterial, and could not be considered upon the present trial if we submitted the alleged matters of defense to a jury. The other matter is that on July 22, 1911, while Frank Kunkel, L. P. Kostenbader and M. J. Snyder were appraising the

goods and chattels which Hannah E. Wunderly, the wife of R. G. Wunderly, claimed, she stated that the automobile belonged to her, but that she waived her right thereto, which was said in the presence of R. G. Wunderly, Robert Person, sheriff, and Calvin F. Smith, attorney for the exemption creditor, which statement the said R. G. Wunderly did not deny." It is undoubtedly true, as was held in Strouse v. Becker, 38 Pa. 190, "If a defendant against whom an execution has been issued, falsely deny the ownership of his property, thereby hindering and delaying the sheriff in the collection of the debt, he forfeits his right to the benefit of the exemption law, though the falsehood was for the purpose of gaining time for the payment of the execution;" the gist of the matter is that the exemption claimant hindered or delayed the sheriff in the collection of the debt. In that case Mr. Justice WOODWARD said: "If the defendant's falsehood in regard to the ownership of the property in his possession was for the purpose of putting off the sheriff and gaining time for the payment of the execution, it was just as fatal to his rights under the exemption law, as if it was made with intent to delay, hinder, and defraud the creditor. We cannot, indeed, see the ground for the court's distinction in this regard; for to put off the sheriff and gain time on the execution was, in our apprehension, to delay and hinder the creditor. The sheriff was the creditor's legal agent, and a false representation that hindered the sheriff hindered the creditor." Again, "Indemnity was spoken of, but we do not see from the evidence sent up, that it was obtained or that the sheriff was delayed. If the falsehood was merely casual, and was not used at a time and in a manner to delay, hinder, or embarrass the officer, indefensible as it was, too much account would be made of it by grounding upon it a denial of the statutory exemption. It is only a lie with circumstances, that works a forfeiture. If the officer is in no degree hindered or delayed by it, no legal consequences attach to it." In Emerson v. Smith, 51 Pa. 90, where the fraud alleged was the concealing of other prop-

erty liable to execution, Mr. Justice AGNEW said: "It has been repeatedly said that the Exemption Law was designed for the honest poor, not the roguish. It is not independent fraud, however, but such as affects the execution of the creditor, that defeats the debtor's claim." In Landis v. Lyon, 71 Pa. 473, where a defendant made improper statements as to his other property at the time an attachment was served on him, it was held that this statement could not defeat his subsequent claim to the exemption because he was not bound to claim it when the attachment was made, and nothing he said hindered the plaintiff in the collection of his claim. We think it very clear after a careful examination of the answer in this case, that it does not set up a defense. Nothing that Mrs. Wunderly said could affect her husband unless he acquiesced in it, and even if she did say she owned the property, in the same breath she said she made no claim to it. There is no foundation for the claim that anything that Mr. Wunderly did at the time hindered the bank in the collection of its judgment. The case is very much like Allemong v. Passmore, 14 W. N. C. 124, where the defendant's property was claimed by the wife. She at once filed a disclaimer. Judge BIDDLE held that that would not defeat the exemption. It is said that declarations which Wunderly made in the bankruptcy matter, hindered the bank in its collection of the judgment because the trustee in bankruptcy would not have made his claim that the property belonged to the company if it had not been for Wunderly's declaration that it belonged to his wife. We cannot see how any such result would follow, nor can we see how the plaintiff would be deprived of his own property because the representative of some company had made a claim to it.

And now, March 18, 1912, rule for judgment for want of a sufficient answer is made absolute, and the prothonotary is directed to enter judgment in favor of the plaintiff and against the defendants for the sum of $266.89. (Interest was calculated only from time of judgment.)

*Error assigned* was order making absolute rule for want of sufficient answer.

*C. F. Smith,* of *Smith, Paff & Laub,* with him *Kirk-patrick & Maxwell,* for appellant, cited: Meyer v. Knight, 21 Pa. Superior Ct. 1; Ditman v. Raule, 134 Pa. 480; Boginski v. Tobolski, 21 Pa. C. C. Rep. 531; Whitesides v. Boardman, 15 Phila. 208; Kreider's Estate, 135 Pa. 578.

*G. R. Booth,* with him *H. A. Cypress,* for appellee.

OPINION BY MORRISON, J., February 27, 1913:

This was an action of assumpsit upon a bond given by D. M. Leopold, trustee, etc., and A. E. Frantz to secure possession of a certain Cadillac automobile which was in the possession of and claimed by R. G. Wunderly, plaintiff in the present case, and which automobile had been levied upon by the sheriff of Northampton county on an execution issued on a judgment in favor of the Second National Bank of Nazareth, Pennsylvania, against R. G. Wunderly. We think the plaintiff's theory and history of the case cannot better be presented than by copying here his declaration which is a concise statement of the facts and theories on which he rests his right to recover:

"The plaintiff, R. G. Wunderly above named, claims of the defendants, D. M. Leopold, trustee in bankruptcy of R. G. Wunderly Co., and A. E. Frantz, the sum of Two hundred and sixty ($260.00) dollars, with interest from the 27th day of July, 1911, upon the cause of action whereof the following is a statement:

"First: The said R. G. Wunderly was the owner of one Cadillac automobile No. 7454, engine No. 30,757 and had possession thereof at his residence in the Borough of Nazareth, Northampton County, Pa.

"Second: On the 3d day of July, 1911, by virtue of Fi. Fa. No. 11, July Term, 1911, issued at the instance of the Second National Bank of Nazareth the sheriff of North-

ampton County levied upon the said Cadillac Automobile No. 7454, engine No. 30,757.

"Third: Immediately upon being served with the execution the said R. G. Wunderly notified the sheriff that he desired to have the exemption allowed by law appraised and set apart to him and filed a written notice to the sheriff of the said claim which is on file among the papers in said proceedings.

"Fourth: That on the 26th day of July, 1911, D. M. Leopold, trustee in bankruptcy of R. G. Wunderly Co., one of the defendants, claimed the automobile as the property of the R. G. Wunderly Co., a bankrupt. Whereupon the sheriff petitioned the court for rule on all parties interested to show cause why issue should not be framed to try the title to the said automobile and on the 9th day of August, 1911, the said rule was made absolute.

"Fifth: On the 27th day of July, 1911, Robert Person, sheriff of Northampton Co., summoned appraisers who being duly sworn did appraise and set apart unto the said R. G. Wunderly as a part of the $300.00 exemption allowed by law $260.00 of the value of the Cadillac automobile Serial No. 7454, engine No. 30,757 which appraisement was duly filed on the said day in the Court of Common Pleas of Northampton County.

"Sixth: On the 24th day of August, 1911, the said defendants, D. M. Leopold, trustee in bankruptcy of R. G. Wunderly Co., and A. E. Frantz, filed a bond in the Court of Common Pleas of Northampton County to No. 11, July Term, 1911, a true copy of which is hereto attached, conditioned that the said claimant shall at all times maintain his title to the goods and chattels and pay the value thereof to the party thereunto entitled, if the said issue shall not be determined in favor of the claimant, by virtue of which the said D. M. Leopold removed the said automobile from and out of the possession of the plaintiff.

"Seventh: That on the 9th day of October, 1911, upon the trial of the issue the said D. M. Leopold, claimant as aforesaid, failed to maintain his title to said goods and

chattels, to wit, the said automobile, but upon said trial it was settled and adjudicated that the right, title and property in said automobile was in R. G. Wunderly, the present plaintiff, and not in said D. M. Leopold, claimant, the verdict being rendered against said claimant, whereby the condition in said bond was violated and said bond forfeited.

"Eighth: The plaintiff, R. G. Wunderly, by reason of the taking away of said automobile by the said D. M. Leopold has suffered damages as aforesaid in the sum of Two hundred and sixty ($260.00) dollars with interest from July 27th, 1911, the amount set aside to him as exemption out of the proceeds of said automobile, and to recover the same this suit is brought." A copy of the bond was attached to the declaration and made a part thereof.

Immediately after the levy upon the automobile D. M. Leopold, trustee, etc., executed and delivered the bond upon which the present suit was brought which was also signed by A. E. Frantz, and Leopold took possession of the automobile and retained it. The sheriff having procured a rule for an interpleader under the provisions of the Act of May 26, 1897, P. L. 95, which rule was made absolute, and an issue framed between the parties, as stated in the declaration, and the issue being tried, the result was a verdict in favor of the defendant, the Second National Bank of Nazareth, Penna., and against the plaintiff, D. M. Leopold, trustee, etc., and judgment being entered upon the verdict, the legal effect thereof was not that the automobile was owned by the bank when it was levied upon, but that the bank had the right to recover the amount of its judgment out of the bond given by the plaintiff and A. E. Frantz, subject, of course, to the right of R. G. Wunderly to his $260 exemption which he claimed out of the proceeds of the sale of the automobile by the sheriff. But the plaintiff in the interpleader suit having taken the automobile and retained it the present plaintiff's claim for his $260 exemption was

necessarily thrown upon the bond. When the plaintiff was defeated in the interpleader suit he ought to have paid the $300 judgment against him into court, to be distributed according to law, instead of paying it to the Second National Bank of Nazareth, and his voluntary payment of the judgment to the bank could not prejudice the right of R. G. Wunderly, plaintiff, in the present suit, to recover the value of his exemption, if he was the owner of the automobile when the plaintiff in the interpleader suit received it from the sheriff in exchange for the bond upon which the present action is founded.

A careful examination of the somewhat lengthy record, and the opinions of the court and the arguments of counsel leads us to the conclusion that the learned court below did not err in entering the judgment in the present case after the defendants had filed an answer, an amended and a more specific answer. We think the opinions of the court below of February 12, 1912, and of March 18, 1912, both filed in this suit, and which will be included in the report of this case, sufficiently vindicate the judgment in favor of the plaintiff for the amount of his exemption which would have come out of the sale of the automobile if the plaintiff in the interpleader suit, D. M. Leopold, trustee, etc., had not given the bond and taken the automobile.

The single assignment of error only raises the question of the legality of the judgment of the court below in favor of the plaintiff for his $260 exemption and interest thereon. We think this assignment should not be sustained and it is dismissed and the judgment is affirmed.